UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY AQUAYO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOFFORD, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00274-AWI-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.**　　**Screening Requirement and Standard**

Plaintiff Henry Hernandez ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was transferred to this Court on February 20, 2015. Plaintiff's complaint, filed on February 9, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff alleges as follows:

Robin Larse: RN-1-30-12 reused me blood test more than one time said I had a cold on: 4-4-12; I was authored by Jhon Dovey Deputy Diertor [sic], HC: fied [sic] operation per [transfer] medical high risk Avenal N. Lopez Correctional Captain [refused] to move me; that was after my [release] on: Oct-22-2012 my return was 7-29-13 on Feb-4-2014 valley symptoms again.

(ECF No. 1, p. 2.)

Plaintiff further alleges:

H. Hatten [Correctional] Counselor II; Feb-4 Committee date 2-4-2014 I told them I was hi [sic] risk for Valley Fever refused to move me Captain Lopez CC II C. Hooper (A) CCI D. Franco and Dr: Atienza M. Boparai, M.D. Chief Medical Exef [sic] Medical Officer (A) Avenal State Prison:  E. Conanan, M.D….Avenal State Prison  Since 1-15-2012 they had refuse me a blood test left six yard to add seg 2-7-2012 x-ray left pneumonia left lung by:  Tony Deeths MD.  Damages are permanent I still suffer from VF Chest pain lung at time and heart pain's [sic] Dizzy spells Joint Pain's [sic] Burning sensations at various parts of the body Headaches Night sweats chills muscle aches and lose my [balance] at time; and suffer [these] effects of cocci-VF: for the rest of my life.

2

(ECF No. 1, p. 3.)

Plaintiff also alleges:

Dr: Ateinza [sent an order] to get my heart check a [diagram] my arteries could be block here at Donoven Dr. Silva [refused] to have a [diagram] exam sent me to talk with a heart doctor over a cam via I still get chest pain's [sic] I know this will give me a shorter my life span date back to 2-7-12 I noticed they did not report how much [weight] I had lost in two weeks I went from 212 to 178 in [weight] I [really believe] Iraconazole has to do with my heart pain side affect's [sic] or valley fever incurable not able to be completely healed by current medicine since treatment does not [ ] eliminate all coccidioides spores in the body and they can reactivate after becoming dormant, valley fever is presently an incurable disease and after I was authored by Jhon Dovey Director Field Operations, inmate has been identified by California Correctional Health Care Services as [clinically] complex high risk by Jhon Dovey 4-4-12 and [refuse] me high risk [causing] valley fever to strike me again on 2-2-14 by Avenal State Prison officials and medical staff knew I was hi [sic] risk medical and Wasco medical staff also knew I filed Appeal 602 Log No: WSP-H-13-02-620.

(ECF No. 1-1, p. 1.)

Plaintiff seeks compensation for damages caused by Valley Fever cocci.

### III. Deficiencies of Complaint

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to cure these deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims. Plaintiff should amend only those claims that he believes, in good faith, state a cognizable claim for relief.

#### A. Pleading Standards

##### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but fails to set forth sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff's complaint is disjointed, confusing and lacks basic facts, including what happened and who was involved. Plaintiff will be given leave to cure these deficiencies.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to clearly link any individual defendant to a constitutional violation. Plaintiff's disjointed phrases and listing of names is not sufficient. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### B. Legal Standards

### 1. Eighth Amendment-Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further

significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

At this juncture, Plaintiff's complaint fails to state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs. Plaintiff's complaint is confusing and does not clearly identify what happened, when it happened and who was involved in the alleged deliberate indifference to serious medical needs.

### 3. Eighth Amendment – Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for

denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [ ] that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Here, Plaintiff's complaint fails to state a claim for deliberate indifference. As noted above, Plaintiff's complaint is disjointed and confusing. If Plaintiff amends his complaint, he must allege what each individual did or did not do that resulted in a violation of his constitutional rights.

### IV.     Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed with leave to amend;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

     4.    <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

    Dated:   **May 4, 2015**               /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE